UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6661 PA (SPx) | Date | December 28, 2011 |
|---|---|---|---|
| Title | Amy Enuke v. America's Wholesale Lender, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss First Amended Complaint filed by defendants Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender; Mortgage Electronic Registration Systems, Inc. ("MERS"); Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, LP ("Bank of America"); and the Bank of New York Mellon as trustee for the benefit of the certificate holders of the CWMBS 2005–J2 Trust ("Bank of New York" and collectively, "Defendants"). (Docket No. 18.)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing calendared for November 28, 2011 is vacated, and the matter taken off calendar.

### I.     Background

Plaintiff Amy Enuke ("Plaintiff") obtained a loan, secured by a property located at 5427 Shirley Avenue, Tarzana, California 91356 ("Property").  Plaintiff alleges that Defendants subsequently failed to assign or transfer her Note, preventing Defendants from lawfully collecting on the Note and enforcing the Deed of Trust.  Plaintiff further alleges that despite Defendants' failure to perfect a security interest, Bank of New York and its agents attempted to collect on the Note and enforce the Deed of Trust knowing that it had no legal right to do so.  On March 16, 2011, a Notice of Default was recorded in the Los Angeles County Recorder's Office.  On July 8, 2011, the Property was sold at public auction.

Plaintiff filed the current action, alleging various state law claims and a claim for a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g).  In response to Defendants' Motion to Dismiss, Plaintiff filed her First Amended Complaint ("FAC") as a matter of right, alleging the following claims: (1) declaratory relief; (2) violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.; (3) violation of 15 U.S.C. § 1641(g); (4) violation of California Business and Professions Code section 17200 et seq.; (5) wrongful foreclosure and to set aside trustee's sale; (6) to void or cancel trustee's deed upon sale; (7) breach of contract; and (8) breach of the implied covenant of good faith and fair dealing.  Now, Defendants move to dismiss the FAC in its entirety for failure to state a claim.

### II.    Standard on Motion to Dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6661 PA (SPx) | Date | December 28, 2011 |
|---|---|---|---|
| Title | Amy Enuke v. America's Wholesale Lender, et al. | | |

      Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (internal quotation omitted). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

      However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

      Ordinarily, courts will dismiss a claim with leave to amend; however, "[i]t is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile." Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990). "Although leave to amend should be liberally granted, the amended complaint may only allege 'other facts consistent with the challenged pleading.'" Id. at 297 (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, if amendment would not cure the deficiencies in the complaint, a court may dismiss that claim without leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6661 PA (SPx) | Date | December 28, 2011 |
|---|---|---|---|
| Title | Amy Enuke v. America's Wholesale Lender, et al. | | |

When considering 12(b)(6) motions, courts are generally limited to considering materials within the pleading. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 1996)). The court may, however, take judicial notice of official records and reports without converting a 12(b)(6) motion into a Rule 56 motion for summary judgment. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Plaintiff argues that while public records may be judicially noticed, their truth need not be, and she states that "the truthfulness of the contents of the Assignment of Deed of Trust still remains subject to dispute." (Opp. at 5.) While reviewing a 12(b)(6) motion, the Court must resolve any ambiguity in the documents in the plaintiff's favor. Audiotext Network, Inc. v. AT&T Co., 62 F.3d 69, 72 (2nd Cir. 1995); Hearn v. R.J. Reynolds Tobacco Co., 279 F. Supp. 2d 1096, 1102 (D. Ariz 2003). But a Court need not accept unreasonable inferences or unwarranted deductions of fact. In re Delorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993); Transphase Systems, Inc. v. S. Cal. Edison Co., 839 F.Supp 711, 718 (C.D. Cal. 1993).

**III. Analysis**

**A. Declaratory Relief**

Plaintiff's "cause of action" for a declaratory judgment seeks judicial determination that none of the Defendants has any right or interest in Plaintiff's Note, Deed of Trust, or the Property. (FAC ¶ 53.)

The Declaratory Judgment Act provides, "In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).

To award relief under the Declaratory Judgment Act, the district court must first find that the action presents a case of actual controversy, as required by Article III of the Constitution. Am. States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994). "Article III requires that there be a 'substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Aydin Corp. v. Union of India, 940 F.2d 527, 528 (9th Cir. 1991) (quoting Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273, 61 S. Ct. 510, 512, 85 L. Ed. 2d 826 (1941)). Next, the district court must decide whether to exercise jurisdiction over the case. Kearns, 15 F.3d at 143–44; Government Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc) (The statute is "'deliberately cast in terms of permissive, rather than mandatory, authority.'") (quoting Public Serv. Comm'n of Utah v. Wycoff Co. Inc., 344 U.S. 237, 250, 73 S. Ct. 236, 243–44, 97 L. Ed. 291 (1952) (Reed, J., concurring)).

Section 2924(a)(1) of the California Civil Code states that a "trustee, mortgagee, or beneficiary, or any of their authorized agents" may initiate the foreclosure process. It is well established that a plaintiff has no right to bring suit to determine whether an entity initiating foreclosure is authorized to do so. Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1154–55, 121 Cal. Rptr. 3d 819, 824–25 (2011) (explaining that California's "comprehensive" statutory scheme governing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6661 PA (SPx) | Date | December 28, 2011 |
|---|---|---|---|
| Title | Amy Enuke v. America's Wholesale Lender, et al. | | |

nonjudicial foreclosure provides "no grounds for implying such an action"). Nevertheless, a plaintiff may be able to bring suit when the complaint alleges a "specific factual basis for alleging" that foreclosure is unlawful. See id. at 1155, 121 Cal. Rptr. 3d 824–25. However, this basis must be supported by more than a bare assertion. See id. (citing Ohlendorf v. Am. Home Mortg. Servicing, 2010 U.S. Dist. LEXIS 31098, at *22-23 (E.D. Cal. Mar. 30, 2010) (finding a specific factual basis where there was evidence that two assignments of the deed of trust were improperly backdated)).

Plaintiff seeks declaratory relief because she alleges that she needs a "determination as to whether Bank of New York's or Bank of America's claims against her are enforceable." (FAC ¶ 55.) Plaintiff also states that without declaratory relief she "will be denied the opportunity to discover the true amount she still owes minus any illegal costs, fees, and charges." (FAC ¶ 54) While Plaintiff alleges that she "is potentially subject to double financial jeopardy now and in the future," she never alleges that more than one party has ever simultaneously sought payments from her. Maintaining that the Assignment was proper, Defendants never claim that Bank of America continues to lay claim to the Note. Furthermore, foreclosure was initiated because Plaintiff had not been paying any party, much less the wrong one. Plaintiff never disputes that she defaulted on her loan. Accordingly, the Court finds that the "substantial controversy" alleged by Plaintiff lacks any factual basis and is not of sufficient immediacy to warrant the issuance of a declaratory judgment. Therefore, Plaintiff's declaratory relief claim is dismissed without leave to amend.

### B. Fair Debt Collection Practices Act

Plaintiff next brings a claim against defendant Bank of New York for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962. The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt[,] . . . including the false representation of . . . the character, amount, or legal status of any debt . . . and the threat to take any action which cannot be legally taken." 15 U.S.C. § 1962e(2)(A), (5). Plaintiff alleges that Defendants attempted to collect on the Note under false pretenses, namely that Bank of New York was assigned Plaintiff's debt when in fact it was not; that Bank of America, acting as Plaintiff's mortgage broker, illegally engaged in collection activities; that the Note was not properly transferred to Bank of New York; and that Bank of New York does not have a perfected security interest in the Note such that it can enforce Plaintiff's obligation and/or collect mortgage payments. (FAC ¶¶ 60–64.)

Defendants move to dismiss this claim on a number of grounds. Defendants first argue that Plaintiff's claims are barred to the extent they are based on foreclosure-related activity, as it is well-established that foreclosure on a property based on a deed of trust does not constitute collection of a debt within the meaning of the FDCPA. See, e.g., Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("Foreclosure by the trustee is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor."). Plaintiff does not address this issue in her Opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6661 PA (SPx) | Date | December 28, 2011 |
|---|---|---|---|
| Title | Amy Enuke v. America's Wholesale Lender, et al. | | |

Defendants further argue that they are not "debt collectors" as defined by the FDCPA. Under the FDCPA, "[t]he term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "The law is well settled that FDCPA's definition of debt collector 'does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt.'" Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (quoting Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)).

Plaintiff concedes that Bank of America is not a debt collector under the FDCPA. Although Plaintiff does allege that Bank of New York is a debt collector for FDCPA purposes, Plaintiff does not allege that Bank of New York engaged in debt collection activities with regard to this debt. Plaintiff alleges only that Bank of America was the entity that engaged in collection activities. (FAC ¶ 62.)

Defendants also contend that Plaintiff never properly alleges any violations under the FDCPA because her "FDCPA claim, like her other claims, is premised on the flawed notion that Defendants were collecting on a debt that was not owed to [Bank of New York] because [Bank of New York] was not properly assigned the Deed of Trust." (Reply at 8.) Given that Defendants are not debt collectors under the FDCPA, and that the activity alleged here is foreclosure-related, the Court need not address whether the assignment of the Deed of Trust was proper in order to find that Plaintiff has failed to state a viable claim under the FDCPA. Accordingly, Plaintiff's FDCPA claim is dismissed without leave to amend.

    **C.**     **Violation of 15 U.S.C. § 1641(g)**

Plaintiff alleges that Bank of America violated § 1641(g) of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. To successfully allege a claim under § 1641(g), the plaintiff must show that the defendant did not strictly comply with the statute, which provides,

> [N]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including–
>
>     (A) the identity, address, telephone number of the new creditor;
>
>     (B) the date of transfer;
>
>     (C) how to reach an agent or party having authority to act on behalf of the new creditor;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6661 PA (SPx) | Date | December 28, 2011 |
|---|---|---|---|
| Title | Amy Enuke v. America's Wholesale Lender, et al. | | |

      (D) the location of the place where transfer of ownership of the debt is recorded; and

      (E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g)(1).

      Plaintiff alleges that Bank of New York violated § 1641(g) by not providing Plaintiff written notice within 30 days after the date of assignment of any of the information required by the statute.

      Defendants argue that detrimental reliance on an allegedly inadequate disclosure is a necessary element of any claim for actual damages based upon an alleged TILA violation, and Plaintiff has failed to allege that she relied to her detriment on any failure to provide notice of the assignment. Detrimental reliance is a necessary element for a claim of actual damages under TILA. See, e.g., In re Smith, 289 F.3d 1155, 1157 (9th Cir. 2002) ("to receive actual damages for a TILA violation . . . a borrower must establish detrimental reliance."); In re Fererell, 539 F.3d 1186, 1192 (9th Cir. 2008) (holding that failure to show detrimental reliance by debtor precluded award of actual damages for payday lender's alleged TILA violation); Turner v. Beneficial Corp., 242 F.3d 1023, 1026 (11th Cir. 2001) ("detrimental reliance is an element for a TILA claim for actual damages"). However, even if Plaintiff has not sufficiently alleged actual damages as a result of the § 1641(g) violation because she failed to allege detrimental reliance, she would still be entitled to statutory damages, costs, and reasonable attorneys' fees. Section 1640(a), which provides a private right of action for violations of § 1641(g), reads,

      [A]ny creditor who fails to comply with any requirements imposed under . . . [§ 1641(g)] . . . is liable . . . in an amount equal to the <u>sum</u> of–

            (1) actual damages . . . .;

            (2)(A)(I) . . . twice the amount of any finance charge . . .; (iv) in a case of an individual action relating to . . . real property or a dwelling, not less than or greater than $4,000; . . .

            (3) . . . reasonable attorney's fees as determined by the court; <u>and</u>

            (4) . . . an amount equal to the sum of all finance charged and fees paid by the consumer [in cases of § 1639 violations] . . . .

15 U.S.C. § 1640(a) (emphasis added).

      The statute clearly states that the violator is liable for the <u>sum</u> of actual damages, certain statutory damages, attorneys' fees and costs, <u>and</u> finance fees in § 1639 cases. See, e.g., Vogan v. Wells

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6661 PA (SPx) | Date | December 28, 2011 |
|---|---|---|---|
| Title | Amy Enuke v. America's Wholesale Lender, et al. | | |

Fargo Bank, N.A., 2011 WL 5826016, at *5 (E.D. Cal. Nov. 17, 2011) (denying motion to dismiss § 1641(g) claim because "[e]ven if plaintiffs are not entitled to actual damages based on the allegations in their Complaint, they did adequately plead that they are entitled to attorneys' fees and statutory damages."); Brown v. CitiMortgage, Inc., 2011 WL 4809142, at *2 (S.D. Ala. Oct. 11, 2011) ("the mere fact that the [Plaintiffs'] Complaint does not allege actual damages in no way impairs their right to hold [Defendant] liable for a § 1641(g) violation, as long as they are eligible for statutory damages."). While some cases have held that actual damages are necessary to support a § 1641(g) claim, see, e.g., Beall v. Quality Loan Serv. Corp., 2011 WL 2784594, at *4 (S.D. Cal. July 15, 2011); Borowiec v. Deutsche Bank National Trust Company, 2011 WL 2940489, at *3 (D. Haw. July 19, 2011), a more logical reading of the statue suggests that actual damages are not required.

Cases analyzing § 1640(a) for violations of other TILA provisions also support this interpretation. See, e.g., Purtle v. Eldridge Auto Sales, Inc., 91 F.3d 797 (6th Cir. 1996) ("A plaintiff in a TILA case need not prove that he or she suffered actual monetary damages in order to recover statutory damages and attorney's fees."). Moreover, "[t]he clear purpose of this statutorily mandated minimum recovery was to encourage lawsuits by individual consumers as a means of enforcing creditor compliance with the [Truth in Lending] Act." Watkins v. Simmons and Clark, Inc., 618 F.2d 398, 399 (6th Cir. 1980). Because Defendants' "no detrimental reliance" argument fails, the Court denies their Motion to Dismiss Plaintiff's § 1641(g) claim.

### D. Violation of California Business and Professions Code Section 17200

Business and Professions Code section 17200 et seq. is referred to as California's "unfair competition statute" ("UCL") and prohibits "any unlawful, unfair or fraudulent business act or practice." In re Pomona Valley Med. Group, Inc., 476 F.3d 665, 674 (9th Cir. 2007). Despite its name, the UCL is not confined to anti-competitive business practices, but is equally directed toward "the right of the public to protection from fraud and deceit." Comm. on Children's Television, Inc. v. General Foods Corp., 35 Cal. 3d 197, 209, 197 Cal. Rptr. 783, 790 (1983) (emphasis in original) (internal quotation marks omitted). "The 'unlawful' practices prohibited by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Saunders v. Superior Court, 27 Cal. App. 4th 832, 838–39, 33 Cal. Rptr. 2d 438, 441 (1994). However, "to pursue either an individual or a representative claim under the California unfair competition law," a plaintiff "must have suffered an 'injury in fact' and have 'lost money or property as a result of such unfair competition.'" Hall v. Time Inc., 158 Cal. App. 4th 847, 849, 70 Cal. Rptr. 3d 466, 467 (2008). "An injury in fact is '[a]n actual or imminent invasion of a legally protected interest, in contrast to an invasion that is conjectural or hypothetical.'" Id. at 853, 70 Cal. Rptr. 3d at 470.

As noted above, Plaintiff never disputes that she defaulted on her loan, nor does she allege that she actually suffered from the hypothetical "financial double jeopardy" by making mortgage payments to multiple entities. Thus, Plaintiff has not lost money or property as a result of any unlawful practices. While Plaintiff has adequately stated a claim for the TILA violation, and such a violation is an unlawful

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-6661 PA (SPx) | Date | December 28, 2011 |
|---|---|---|---|
| Title | Amy Enuke v. America's Wholesale Lender, et al. | | |

practice under section 17200, that claim was not dismissed precisely because actual damages were not needed to support it. Here, Plaintiff has not adequately alleged actual damages and thus there is no injury in fact. Accordingly, Plaintiff lacks standing to pursue her section 17200 claim and that claim is dismissed without leave to amend.

>    E.   **Wrongful Foreclosure, Setting Aside Trustee's Sale, and Canceling Trustee's Deed Upon Sale**

Plaintiff's fifth cause of action is for Wrongful Foreclosure and to Set Aside Trustee's Sale, and her sixth cause of action is to Void or Cancel Trustee's Deed Upon Sale. Plaintiff alleges that "[n]o true sale of the Note and Mortgage, as required per securitization documents, ever took place between any of the intermediaries in the securitization chain. Thus, [Plaintiff] is open to double or triple financial jeopardy from unknown claimants." (FAC ¶ 130.)

A debtor cannot challenge foreclosure proceedings without first credibly alleging tender. See, e.g., Alicea v. GE Money Bank, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure."); Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578, 205 Cal. Rptr. 15, 17 (1984) ("It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security.").

"This rule is premised upon the equitable maxim that a court of equity will not order that a useless act be performed. 'Equity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention.'" Arnolds Mgmt. Corp., 158 Cal. App. 3d at 578–79, 205 Cal. Rptr. at 16 (quoting Leonard v. Bank of America Nat. Trust & Savings Assn., 16 Cal. App.2d 341, 344 (1936)).

Plaintiff alleges that she "has offered to and is ready, willing, and able to unconditionally tender her obligation." (FAC ¶ 46). Moreover, Plaintiff contends that "tender is not required when the owner's action attacks the validity of the underlying debt because the tender would constitute an affirmation of the debt." (FAC ¶ 46 n.2). However, Plaintiff admits that she does not dispute that a debt obligation exists. (Opp. at 3.) Plaintiff's wrongful foreclose claim is based on her challenge to the assignment of the Deed of Trust, not the underlying debt. Even if Plaintiff is not required to actually tender her obligation, she is still required to allege tender, and do so credibly.

Plaintiff's allegation that she is "ready, willing, and able to unconditionally tender her obligation" is not credible in that she alleged that she "believed her lender would be willing to avoid a foreclosure since she was willing to tender unconditionally but needed the monthly payments

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6661 PA (SPx) | Date | December 28, 2011 |
|---|---|---|---|
| Title | Amy Enuke v. America's Wholesale Lender, et al. | | |

restructured to reflect the downtown in her monthly gross income." (FAC ¶ 29.) Plaintiff is thus equating making reduced payments under a loan modification with unconditional tender. However, what is required is a credible allegation to tender the balance of the debt. Therefore, the Court denies without leave to amend her fifth cause of action for Wrongful Foreclosure and to Set Aside Trustee's Sale and her sixth cause of action is to Void or Cancel Trustee's Deed Upon Sale.

### F. Breach of Contract

Plaintiff alleges, in the alternative, that if the Court finds that Bank of New York is a successor in interest to the Deed of Trust, then Bank of New York breached the Deed of Trust by improperly crediting and debiting her account. Plaintiff alleges Defendants breached the terms of contract by failing to apply Plaintiff's payments in the order of priority set forth in Section 2 of the Deed of Trust, which states, "[A]ll payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3 [regarding funds for escrow items]. Such payments shall be applied to each Periodic Payment in the order in which it became due." (FAC ¶ 152, Exh. D.)

To establish a breach of contract under California law, a plaintiff must show: (1) the existence of a contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages. First Commercial Mortgage Co. v. Reece, 89 Cal. App. 4th 731, 744, 108 Cal. Rptr. 2d 23, 33 (2001).

Plaintiff alleges that she "substantially performed all of her conditions in the Deed of Trust, including timely paying her mortgage to Defendants." (FAC ¶ 153.) However, as Defendants correctly note, this allegation is "rather dubious in light of the fact that she defaulted on her loan and owed nearly $50,000 at the time the Notice of Default was recorded. (Motion at 17; Request for Judicial Notice, Exh. A.) Defendants also point to the FAC where Plaintiff alleges she "needed the monthly payments restructured to reflect the downturn in her monthly gross income." (FAC ¶ 29.) Plaintiff does not dispute that she is in default on her loan, and affirmatively states, "Plaintiff has never, and does not, dispute that a debt obligation exists." (Opp. at 3.)

Therefore, the court finds Plaintiff's wholly conclusory statement that she "substantially performed all of her conditions in the Deed of Trust" insufficient to state a claim for breach of contract. Moreover, her factual allegation that she timely paid her mortgage to Defendants is contradicted by Plaintiff throughout her FAC and Opposition. Therefore, the Court dismisses Plaintiff's breach of contract claim without leave to amend.

### G. Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff alleges that Defendants breached the implied duty of good faith and fair dealing by "interfering with Plaintiff's ability to perform her obligations under the contract because Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6661 PA (SPx) | Date | December 28, 2011 |
|---|---|---|---|
| Title | Amy Enuke v. America's Wholesale Lender, et al. | | |

improperly applied mortgage payments, incorrectly calculated interest, and improperly added fees to Plaintiff's account making it impossible for Plaintiff to ever fulfill her obligations."

"The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 349, 100 Cal. Rptr. 2d 352, 375 (2000). The covenant of good faith and fair dealing "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." Id. at 349–50, 100 Cal. Rptr. 2d at 375.

> Under California law, . . . . [a] claim for breach of the implied covenant of good faith
> and fair dealing requires the same elements [as a breach of contract claim], except
> that instead of showing that defendant breached a contractual duty, the plaintiff must
> show, in essence, that defendant deprived the plaintiff of a benefit conferred by the
> contract in violation of the parties' expectations at the time of contracting.

Boland, Inc. v. Rolf C. Hagen (USA) Corp., 685 F. Supp. 2d 1094, 1101 (E.D. Cal. 2010) (internal citations omitted). Thus, to state a claim for a breach of the implied covenant of good faith and fair dealing, a plaintiff must allege performance or excuse for nonperformance under the contract.

As noted above, Plaintiff failed to properly allege her performance or excuse for nonperformance under the contract. Therefore, Plaintiff's claim for breach of the implied covenant of good faith is also dismissed without leave to amend.

### Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is granted in part and denied in part. Plaintiff's claims for declaratory relief; violation of the FDCPA; violation of California Business and Professions Code section 17200; wrongful foreclosure and to set aside Trustee's sale; voiding or cancelling Trustee's Deed upon sale; breach of contract; and breach of implied covenant of good faith and fair dealing are dismissed without leave to amend. Defendants' Motion to Dismiss as to Plaintiff's § 1641(g) claim is denied. Defendants' Response to Plaintiff's First Amended Complaint shall be filed no later than January 9, 2012.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6661 PA (SPx) | Date | December 28, 2011 |
|---|---|---|---|
| Title | Amy Enuke v. America's Wholesale Lender, et al. | | |